IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEGACY FRANCHISE GROUP LLC
d/b/a COUNTRY KITCHEN INTERNATIONAL,

                        Plaintiff,

    v.

BREAK OF DAY, INC., MITCHELL LAVEY,
DENNIS J. LAVEY and MARIE DOIL,

                        Defendants.

ORDER

13-cv-604-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, plaintiff Legacy Franchise Group LLC is suing defendants Break of Day, Inc., Mitchell Lavey, Dennis J. Lavey and Marie Doil for breach of contract. Defendants have removed this case, relying on 28 U.S.C. § 1332 as a basis for jurisdiction. This statute requires that defendants show they are citizens of different states from plaintiff, and that the amount in controversy exceeds $75,000. In the course of reviewing the notice of removal and complaint to insure the existence of jurisdiction as I am required to do, McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005), I discovered that defendants failed to properly identify plaintiff's citizenship. It appears that defendants have alleged sufficient information to satisfy § 1332's other requirements.

      Relying on the complaint filed in state court, defendants allege that plaintiff is a "limited liability company with its principal place of business in Wisconsin." Dkt. #1, at

2. However, the citizenship of a limited liability company is not determined by its principal place of business or the state in which it was formed, but by the citizenship of each of its members. E.g., Copeland v. Penske Logistics LLC, 675 F.3d 1040, 1043 (7th Cir. 2012); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). See also Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

Without information on plaintiff's citizenship, I cannot determine whether this court has subject matter jurisdiction under 28 U.S.C. § 1332. As the proponents of jurisdiction, defendants bear the burden of showing that this court may exercise subject matter jurisdiction. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give defendants an opportunity to file evidentiary materials showing the citizenship of plaintiff's members.

ORDER

IT IS ORDERED that defendants Break of Day, Inc., Mitchell Lavey, Dennis J. Lavey and Marie Doil may have until November 25, 2013, to show that subject matter jurisdiction is present under 28 U.S.C. § 1332. If defendants fail to respond by that date, I will remand

this the case for lack of jurisdiction.

    Entered this 7th day of November, 2013.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge